**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**VERONICA LEWIS, LANCE LEWIS, a
minor, and CLARENCE LEWIS, Father
of Plaintiffs,**

    **Plaintiffs,**

v.                                                  **Case No.  8:11-cv-18-T-30AEP**

**CITY OF BRADENTON BEACH and
TIM E. MATTHEWS, individually,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant City of Bradenton Beach's Motion to Dismiss (Dkt. 39), Defendant Tim E. Matthews' Motion to Dismiss (Dkt. 40), and Plaintiffs' Responses in opposition (Dkts. 47 & 48).  The Court, having considered the motions, responses, and being otherwise advised in the premises, concludes that Defendants' Motions should be granted in part and denied in part.

## BACKGROUND

This is the third time this case has been at issue upon Defendants' motions to dismiss. And Plaintiffs are now on their third amended complaint.  The Court warned Plaintiffs in its Order dated May 16, 2011, that "this is their <u>final</u> opportunity to allege a cognizable claim against the remaining Defendants in this case."  (Dkt. 36).  The Court also stated in its Order dated April 1, 2011, that "Plaintiffs shall not seek attorneys' fees in any count that does not

provide for the recovery of fees under the applicable law." (Dkt. 20). Despite these warnings, Plaintiffs' third amended complaint contains numerous deficiencies as detailed below, including a request for attorneys' fees in all claims.

The claims arise from an April 20, 2008 incident between Plaintiffs Veronica Lewis and Lance Lewis ("L.L."), a minor, that resulted in their arrest by Defendant Tim E. Matthews, who was then employed as a police officer with the Bradenton Beach Police Department. The case was originally filed in the Twelfth Judicial Circuit Court in and for Manatee County on December 4, 2010. Plaintiffs allege that Matthews arrested them illegally and that the improper arrest led to damages. Plaintiffs assert a claim under 42 U.S.C. §1983 against Defendants and five related state-law claims against Defendants for negligence, malicious prosecution, false imprisonment, assault, and battery.

## DISCUSSION

### I. Standard of Review on a Motion to Dismiss

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff"'s complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in

the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II.     Defendants' Motions to Dismiss Plaintiffs' Third Amended Complaint

### A.     Count I - Section 1983 claim against both Defendants

Defendant City of Bradenton Beach (the "City") moves to dismiss Count I because it fails to adequately allege liability under a theory of "failure to train." The Court agrees. A city may only be held liable under 42 U.S.C. § 1983 when the injury caused was a result of municipal policy or custom. *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Municipal policy or custom may include a failure to provide adequate training if the deficiency "evidences a deliberate indifference to the rights of its inhabitants." *Id.* at 388, 109 S.Ct. 1197. To establish a city's deliberate indifference, "a plaintiff must present some evidence that the municipality knew of a need to train and/or

supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir. 1998).

A city may be put on notice in two ways. First, if the city is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training, it is considered to be deliberately indifferent. *Id.* at 1351. Alternatively, deliberate indifference may be proven without evidence of prior incidents, if the likelihood for constitutional violation is so high that the need for training would be obvious. *Id.* at 1351-52.

Here, Plaintiffs' complaint is utterly bereft of any facts establishing that the City's alleged failure to train arose from "deliberate indifference." It appears that Plaintiffs believe that the single allegation that Matthews was improperly trained based on his arrest of Veronica Lewis and her 14 year old brother, L.L., is sufficient to state a claim against the City. Also, it appears that any further amendment would be futile given Plaintiffs' response, which contends that the allegations are sufficient to state a claim and states that "[d]iscovery in this case is ongoing." Finally, given the Court's prior admonishment that no further amendments of the complaint would be granted, the Court concludes that Count I against the City should be dismissed with prejudice.

### B. Count II - Negligence claim against both Defendants

Plaintiffs concede that this claim should be dismissed with prejudice. It is not possible to have a cause of action for "negligent" use of excessive force because there is no such thing as the negligent commission of an intentional tort. *See City of Miami v. Sanders*, 672 So. 2d

46, 48 (Fla. 3d DCA 1996). Accordingly, Count II is dismissed against both Defendants with prejudice.

### C. Count III - Malicious Prosecution claim against both Defendants

The City moves to dismiss Count III because an element of the tort of malicious prosecution is malice and Fla. Stat. §768.28(9)(a) precludes the assertion of a derivative claim against a governmental employer when a governmental employee is alleged to have acted maliciously. Plaintiffs appear to concede this point in their response. And it seems that they intend to pursue this claim solely against Matthews. Accordingly, Count III against the City is dismissed with prejudice.

Matthews' motion to dismiss argues that, to the extent this claim is being brought by Veronica Lewis, it should be dismissed because Plaintiffs fail to adequately allege a bona fide termination. The Court disagrees. A review of the third amended complaint reflects that Plaintiffs pled allegations sufficient to state a claim. Specifically, Plaintiffs allege that the battery charge against Veronica Lewis was dismissed and the remaining charge against Veronica Lewis was not pursued following the judgment of acquittal in the trial of L.L. At this stage, the Court must accept these allegations as true. And Matthews can attack the veracity of these allegations at the summary judgment stage.

### D. Counts IV-VI: False Imprisonment, Assault, and Battery

The City moves to dismiss the remaining state-law claims of false imprisonment, assault, and battery because Plaintiffs cannot pursue these claims against the City and Matthews. Specifically, under Fla. Stat. §768.28(9)(a), an individual officer should not be

held personally liable in tort or named as a party defendant unless the officer acted in "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." The City contends that, because Matthews is also included as a Defendant in these claims, the City cannot be held liable for any acts that were made in "bad faith or with malicious purpose . . ."

Plaintiffs counter that they will dismiss Matthews from these remaining state-law claims which will cure the issue. The Court will permit this and dismisses Counts IV-VI against Matthews with prejudice. Given this ruling, these claims will remain against the City.

The City's argument that the false imprisonment claim cannot survive because it was not a party to the criminal proceedings against L.L. is without merit. This claim is based on Matthews' behavior, for which the City could be responsible, assuming, as set forth herein, Matthews did not act in bad faith or with malicious purpose, which the City can include as an affirmative defense to Counts IV-VI.

**III.   Matthews' Motion to Strike Portions of Plaintiffs' Third Amended Complaint**

Matthews moves to strike Clarence Lewis' claims for emotional damages, mental anguish, embarrassment damages, and punitive damages from all counts because he is not entitled to recover such damages as L.L.'s parent. Plaintiffs concede this point in their response. Accordingly, these damages claims are hereby stricken.

Matthews also moves to strike Plaintiffs' claims for attorneys' fees in the negligence, false imprisonment, assault, and battery counts because attorneys' fees are not recoverable

for these causes of action under Florida law. The Court agrees and previously admonished Plaintiffs not to seek fees for these claims. Accordingly, the requests for fees in these counts are hereby stricken.

Also, Plaintiffs' request for attorneys' fees incurred in this action are not recoverable in the malicious prosecution claim and are hereby stricken. Plaintiffs appear to concede this point. However, the claim for criminal defense fees incurred in establishing Plaintiffs' innocence in the criminal proceedings are recoverable in the malicious prosecution claim.

Finally, Matthews moves to strike Plaintiffs' claims for punitive damages in all counts because Plaintiffs have not alleged conduct on the part of Matthews entitling them to punitive damages. The Court agrees. As noted above, Plaintiffs do not allege that Matthews acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Accordingly, every claim for punitive damages is hereby stricken.

It is therefore ORDERED AND ADJUDGED that:

1.  Defendant City of Bradenton Beach's Motion to Dismiss (Dkt. 39) and Defendant Tim E. Matthews' Motion to Dismiss (Dkt. 40) are hereby GRANTED in part and DENIED in part as set forth herein.

2. Defendants shall file answers to the remaining claims against them within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 30, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-18.mtsdismiss39and40.frm