**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**VERONICA LEWIS, et al.,**

    **Plaintiffs,**

v.                                                                                          Case No.  8:11-cv-18-T-30AEP

**TIM E. MATTHEWS, individually, and
CITY OF BRADENTON BEACH,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Alternative Motion for Judgment on the Pleadings or for Summary Judgment (Dkt. 60) and Plaintiffs' Response in opposition (Dkt. 66). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiffs' claims arise from an April 20, 2008 incident between Plaintiffs Veronica Lewis and Lance Lewis ("L.L."), a minor, that resulted in their arrest by Defendant Tim E. Matthews, who was then employed as a police officer with the Bradenton Beach Police Department. Plaintiffs allege that Matthews arrested them illegally and that the improper arrest led to damages. Specifically, Plaintiffs allege that on or about April 20, 2008, Matthews, while acting in the course and scope of his employment, drove his patrol vehicle through Coquina Park and observed L.L. "blow a kiss at him." (Dkt. 37). Matthews used,

as probable cause, the act of L.L. "blowing a kiss at him" to confront L.L. and his sister, Veronica Lewis. *Id.* After a confrontation ensued, Matthews used force to arrest L.L. and Veronica Lewis.

Plaintiffs allege that the criminal court granted L.L.'s motion for judgment of acquittal at the conclusion of the trial against L.L. for disorderly conduct and battery on a law enforcement officer because the court found that Matthews "had no reason to detain [L.L.]". (Ex. 6 to the complaint). Plaintiffs allege that the criminal court granted Veronica Lewis' motion to dismiss the charge of battery on a law enforcement officer because Matthews "was not engaged in any 'lawful duty' at the time he moved [Veronica Lewis] aside to arrest Lance Lewis." (Ex. 2 to the complaint).

This case is premised on Matthews' alleged actions of arresting Plaintiffs without probable cause. The claims remaining in this case, after the Court granted Defendants' motions to dismiss, in part (*see* Dkt. 49), are a claim under 42 U.S.C. §1983 against Matthews, individually, a state-law claim for malicious prosecution against Matthews, individually, and state-law tort claims against Defendant City of Bradenton Beach for false imprisonment, assault, and battery.

Curiously, Defendants' motion moves for judgment on the pleadings, or for summary judgment, based on their argument that "plaintiffs are attempting to establish their claims against the defendants solely on the basis of offensive collateral estoppel in the criminal-to-civil context and have not offered any information in support of their allegations beyond that introduced in the earlier state court criminal proceedings." (Dkt. 60). It appears that

Defendants believe they are entitled to judgment if the Court rules that Plaintiffs cannot establish their claims against Defendants solely based on offensive collateral estoppel. In other words, Defendants contend that the fact that the criminal courts did not find actual probable cause for Plaintiffs' arrests is not sufficient, standing alone, to establish Plaintiffs' claims in this case.

The Court agrees with Defendants that Plaintiffs cannot rely on the doctrines of collateral estoppel and res judicata to establish their claims in this case. Simply put, the fact that the criminal courts concluded that Plaintiffs' arrests were unlawful, or, without probable cause, is not dispositive of any issue in this case because identity of parties and mutuality do not exist under these circumstances. In *Ball v. City of Coral Gables*, a case with similar procedural facts, the court stated:

> Specifically, Plaintiff attempts to apply these doctrines offensively, arguing that the issue of whether or not the arrest was unlawful was already litigated in the state court criminal case and Defendants are barred from reasserting it here. Collateral estoppel and res judicata are judicial doctrines which in general terms prevent the same parties from relitigating issues decided in a previous action. *See Essenson v. Polo Club Associates,* 688 So.2d 981, 983 (Fla. 2d DCA 1997). "In order for res judicata or collateral estoppel ... to apply, Florida requires 'mutuality' and 'identity of parties.'" *Massey v. David,* 831 So.2d 226, 232 (Fla. 1st DCA 2002). "Identity of parties and mutuality do not exist unless the same parties or their privies participated in prior litigation that eventuated in a judgment by which they are mutually bound." *Id.* For purposes of res judicata or collateral estoppel, a party is in privity with a party to a lawsuit where he or she "is bound by the final judgment entered to the same extent as the named parties." *Id.* Plaintiff has not shown that this case and the state court criminal case involve the same parties or their privies.

548 F. Supp. 2d 1364, 1375 (S.D. Fla. 2008) (internal footnotes omitted), *aff'd* 301 Fed.Appx. 865 (11th Cir. 2008); *see also Gentile v. Bauder*, 718 So. 2d 781 (Fla. 1998).[1]

For the same reasons, Plaintiffs cannot show that Defendants were parties in the state court actions or in privity with any of the parties in the state court actions. However, other than argue that Plaintiffs cannot rely on the outcome of the criminal proceedings to establish their claims, Defendants cite to no other basis for the Court to enter judgment in their favor as a matter of law. And the record, through the exhibits attached to Plaintiffs' complaint, reflects facts that could lead a jury to find that Matthews did not have arguable probable cause to arrest Plaintiffs.

Defendants also do not identify how they are entitled to judgment as a matter of law on the state tort claims. Again, Defendants just assume that Plaintiffs "base their entire case against the defendants on the doctrine of res judicata or offensive collateral estoppel, neither of which may be employed in this case." (Dkt. 60). But even if the Court concludes, as it does here, that these doctrines do not apply, Plaintiffs still have claims against Defendants, and these claims are supported in the record, especially when the facts are viewed in a light most favorable to Plaintiffs, the non-moving party.

In conclusion, Defendants have not established the nonexistence of a genuine issue of material fact as to any essential element of Plaintiffs' claims.

---

[1] The Court must apply Florida law to determine whether the doctrines of collateral estoppel or res judicata apply with respect to the state court rulings. *Ball*, 548 F. Supp. 2d at 1374, n. 9 (citing 28 U.S.C. § 1738; *Farred v. Hicks,* 915 F.2d 1530, 1533 (11th Cir.1990)).

It is therefore ORDERED AND ADJUDGED that Defendants' Alternative Motion for Judgment on the Pleadings or for Summary Judgment (Dkt. 60) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on May 31, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-18.mt60.frm